# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### NORTHERN DIVISION

**JOSHUA DALE DAVIS**                                                      **PLAINTIFF**
*ADC #167375*

**v.**                                    **No: 3:25-cv-00141-PSH**


**TOM CLEMENTS,** *et al.*                                       **DEFENDANTS**


### <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Joshua Dale Davis filed this *pro se* 42 U.S.C. § 1983 action while confined at the Cross County Detention Center ("CCDC") (Doc. No. 2).  Davis alleged that defendants Tom Clements and Arlene Clements (the "Defendants") subjected him to unconstitutional conditions of confinement on or about May 21, 2025, during his transport from the Comanche County Detention Center in Lawton, Oklahoma to the CCDC.  Doc. No. 2 at 4.  Davis was granted leave to proceed *in forma pauperis* ("IFP") and service was directed as to the Defendants (Doc. Nos. 5-6).

The Defendants filed a motion for summary judgment, a brief in support, and a statement of facts claiming that Davis did not exhaust available administrative remedies with respect to his claims against the Defendants before he filed this lawsuit.  Doc. Nos. 26-28.  Although notified of his opportunity to do so (Doc. No. 29), Davis did not file a response or separate statement of disputed facts.

Accordingly, the Defendants' statement of indisputable material facts, Doc. No. 28, is deemed admitted. *See* Local Rule 56.1(c). The Defendants' statement of facts, and the other pleadings and exhibits in the record, establish that the material facts are not in dispute and that they are entitled to judgment as a matter of law.

## II. Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits or declarations, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56; *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d

672, 675 (8th Cir. 2012).  Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment.  *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III.  Analysis

The Defendants argue they are entitled to summary judgment because Davis failed to exhaust his administrative remedies with respect to his complaint allegations before he filed this lawsuit.  *See* Doc. No. 27.  In support of their motion for summary judgment, the Defendants submitted an affidavit by Jail Administrator L.N. Hagler, a custodian of records for the CCDC (Doc. No. 28-1); Davis' Arrest and Booking Sheets (Doc. No. 28-2); grievances and requests filed by Davis during his incarceration at CCDC (Doc. No. 28-3); and a copy of the CCDC's grievance policy (Doc. No. 28-4).

### A.    *Exhaustion of Administrative Remedies*

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court.  *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002).  Exhaustion under the PLRA is mandatory.  *Jones v. Bock*, 549 U.S. at 211.  The PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.  *Porter v. Nussle*, 534 U.S.

516, 532 (2002). The PLRA does not, however, prescribe the manner in which exhaustion occurs. *See Jones v. Bock*, 549 U.S. at 218. It merely requires compliance with prison grievance procedures to properly exhaust. *See id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies depends on the grievance policy of the particular prison where the alleged events occurred. *See id.*

The CCDC has a grievance procedure in place to permit inmates to file grievances. Doc. No. 28-4 at 1. The CCDC grievance procedure states, in part: "The policy of this jail is to accept, investigate fairly, and respond in a timely manner to all inmate grievances." *Id.* The policy further provides, "[a]ll inmates admitted to the jail shall be made aware of the grievance procedure during their initial orientation as well as in the jail's handbook, and grievance forms are to be made available to all inmates." *Id.* The procedure also provides that inmates may file their grievances in a secure and confidential manner without a threat of retaliation. *Id.* A CCDC inmate must file a grievance within forty-eight hours of the event or condition giving rise to the grievance. *Id.* at 2. The procedure further provides timelines for responses and an appeal process. *Id.*

**B.    *Exhaustion of Davis' Claims***

Davis' complaint allegation is that the Defendants subjected him to unconstitutional conditions of confinement while he was being transported to the

CCDC on May 21, 2025.  Doc. No. 2 at 4.  Davis filed this lawsuit on July 25, 2025.

According to Jail Administrator L.N. Hagler, Davis submitted one grievance

regarding his May 21, 2025 transport, on August 3, 2025.[1]  Doc. No. 28-1 at ¶ 6.  In

this grievance, he complained that the Defendants did not allow him to use the

restroom, resulting in him urinating on himself; that the Defendants smoked in the

vehicle over a nine-hour period, triggering his asthma; and that he was transported

in an unsecure SUV.  Doc. No. 28-3 at 34. Defendant Arlene Clements responded,

"k," and Davis responded, "appreciate it!!!"  *Id.*   There is no indication Davis

submitted an appeal.  *Id.*

The Eighth Circuit Court of Appeals has held that exhaustion of

administrative remedies must occur ***before*** a lawsuit is filed.  *See generally Johnson*

*v. Jones,* 340 F.3d 624, 628 (8th Cir. 2003).  *See also Tyler v. Kelley*, No.

5:17CV00239-JLH-JTK, 2018 WL 1528784, at *3 (E.D. Ark. Mar. 2, 2018);

*Dunahue v. Bolden*, No. 5:16CV00105 BSM/JTR, 2016 WL 7650673, at *2 (E.D.

Ark. Dec. 19, 2016).  Although Davis submitted a grievance describing his

complaint allegation that the Defendants subjected him to unconstitutional

conditions of confinement during his transport on May 21, 2025, he did not initiate

the grievance process until after he filed this lawsuit.  And while his grievance was

---

[1] Davis filed numerous requests and grievances about other matters beginning on May 22, 2025.  *See* Doc. No. 28-3.

not rejected as untimely, there is no indication he submitted an appeal to complete the grievance process. To satisfy the PLRA's exhaustion requirement, a prisoner must pursue "the prison grievance process to its final stage." *Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012). *See also King v. Iowa Dep't of Corrs.*, 598 F.3d 1051, 1053 (8th Cir. 2010) (finding inadequate exhaustion when a prisoner failed to complete all steps of the prison's grievance procedure).

For these reasons, the one grievance alleging his claim filed after Davis filed this lawsuit does not serve to exhaust his claims against the Defendants.

### IV.  Conclusion

Davis did not exhaust available administrative remedies before filing this lawsuit. Accordingly, the Defendants' motion for summary judgment (Doc. No. 26) is granted, and Davis' claims are dismissed without prejudice.

DATED this 20th day April, 2026.

_____
UNITED STATES MAGISTRATE JUDGE